## COURSEY v. COE.

(Supreme Court, Appellate Division, Fourth Department.   December 18, 1897.)

SALE—INTENT NOT TO PAY.
  Goods purchased with no intent to pay for them can be recovered by the seller from the assignee of the purchaser.

Appeal from Oneida county court.

Action by Stephen Coursey against W. Nelson Coe and another. From a judgment of the Oneida county court reversing a justice's court judgment for plaintiff, he appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George L. Bachman, for appellant.
William S. Moore, for respondent.

HARDIN, P. J.   Plaintiff, in September, 1896, sold to the defendnat Dieteman about 2,000 pounds of flour, and sacks containing the flour; and, about 30 days thereafter, Dieteman made a general assignment for the benefit of his creditors to the appellant, Coe.   Prior to the assignment, Dieteman had used in his bakery about 500 pounds of the flour.   Plaintiff caused a demand to be made for the remaining flour of the defendant Coe, who declined to surrender the same.   Thereupon the plaintiff instituted this suit, with replevin proceedings, to recover the possession of the portion of the flour which had reached the hands of Coe, and, in virtue of the replevin proceedings, took possession of the same.   Plaintiff alleged in his complaint that he was the owner of the flour, and that the defendant Dieteman purchased the same of him with the preconceived design not to pay for the same, and that the purchase was fraudulent.   The defendants answered in the justice's court, and a large volume of evidence was taken in the justice's court, and the justice rendered a judgment in favor of the plaintiff.   The defendant Coe appealed to the county

court, where the judgment of the justice's court was reversed. Thereupon the plaintiff appealed to this court.

The evidence in the justice's court was sufficient to warrant the judgment rendered by the justice, that the flour was purchased by Dieteman with the preconceived design not to pay for the same, and therefore the county court ought not to have reversed the judgment of the justice's court. Morris v. Talcot, 96 N. Y. 100. While the evidence was slight that a demand was made of the defendant Coe before the action was instituted in the justice's court, we think that it was sufficient to warrant the justice in finding that, as soon as the plaintiff learned of the fraud, he rescinded the contract of sale, and acquainted Coe thereof, who refused to surrender the property to the plaintiff. We think the judgment of the county court reversing the justice's judgment should be reversed.

Judgment of the county court reversing the judgment of the justice's court reversed, and the judgment of the justice's court affirmed, with costs. All concur.